On Motion to Dismiss.
The opinion of the court was delivered by
Marr, J.
Appellee moves to dismiss this appeal on two grounds:
First — That the record contains no note of evidence stating the documentary evidence offered on the trial; and no complete statement 'of the whole of the facts of the case.
Second — That this court is without jurisdiction, rañone materice, the demand being for four hundred dollars, with recognition of mortgage on the property described.
First. — All the documentary evidence in the record, except the mortgage and the note, is marked by the clerk, “filed as evidence, 27th April, 1878,” which was the day of the trial. This is a sufficient note of •evidence.
The note and the mortgage are set out in the petition, and each is made part of the petition. The judgment is on the note, for the amount •of it, with interest, with recognition of plaintiff’s right of mortgage on the property described. Certainly this shows conclusively that the note and mortgage annexed to, filed with, and made part of the petition, were in evidence, and were considered and passed upon by the court.
*463 There is a statement of facts by the judge, which purports to give the oral testimony taken on the trial. The judge says : it “ contains, as far as I recollect, and from notes from counsel for plaintiff and defendant, all the facts in this case.” We think this is sufficient. In fact, the complaint of appellee is that the documentary evidence, “ which appears in the transcript, is not mentioned, although * * * it forms the foundation of the whole suit.”
Second. — The note ^and mortgage were executed by Beynet, one of the defendants. The mortgaged property was purchased at tax sale in 1876, and conveyed to one Mrs. Otto, by the tax collector. She sold the property to Mandin, another one of the defendants. The Auditor, after the expiration of the legal delay, conveyed the property to Man-din; and Mandin, by public act, before Lucatel, notary, conveyed the property to Dufour for three thousand dollars.
The suit was brought to subject this property to the mortgage •executed by Beynet on the ground that the several sales by the tax collector to Mrs. Otto, by Mrs. Otto to Mandin, by the Auditor to Mandin, and by Mandin to Dufour, were fraudulent, and without consideration.
The prayer is, that the sale and title to Mandin “ be declared simulated, collusive, fraudulent, illegal, null and void : that the sale to and title of Dufour be declared equally null, void, simulated, collusive and fraudulent; and that Beynet be declared and recognized as the true and legal owner of said property.”
The appeal is by Dufour ; and it is manifest that the matter in controversy, so far as he is concerned, is his ownership of the property. The evidence shows that it was assessed for taxation, in 1874 and 1875, at $5500: that it is insured at $800 ; and that it is rented for $35 a month. Beyond question the value in dispute is far above $500; and the jurisdiction ratione materias is complete.
The motion to dismiss is therefore denied.